IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Shemuel Nahum Ben Yisrael,<br>Plantation Yisrael,<br><br>                Plaintiffs,<br><br>v.<br><br>Colin Moore, Matthew Garnes, Gregory Alexander, William Sanford, Bertrand Dore, Richard Pope, Jr., Pastor Leroy Evans, Lonnie Green, Town of Yemassee,<br>                Defendants.<br>_____ | Civil Action No. 9:25-1271-BHH<br><br>**<u>ORDER</u>** |

      This matter is before the Court upon Plaintiff Shemuel Nahum Ben Yisrael's ("Plaintiff"or "Yisrael") pro se complaint against the above-named Defendants ("Defendants"). (ECF No. 1.) On March 3, 2025, Plaintiff Yisrael filed a motion for order of protection, and on March 5 and 6, he filed additional attachments. (ECF Nos. 7-9.) In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

      On June 20, 2025, United States Magistrate Judge Molly H. Cherry issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court deny Plaintiff Yisrael's motion, as the case is not yet in proper form and/or because Yisrael appears to seek relief the Court cannot grant. Further, to the extent Yisrael seeks a temporary restraining order or preliminary injunction, the Magistrate Judge recommends that the Court deny his requests because he cannot satisfy the requirements of the applicable law.

      Attached to the Magistrate Judge's Report was a notice advising Plaintiff of the right

to file written objections to the Report within fourteen days of being served with a copy. On July 14, 2025, Plaintiff filed a single-paged response to the Magistrate Judge's Report. (ECF No. 218.) In his response, however, Plaintiff filed 117 exhibits in support of his motion for protection. (ECF No. 17.) Importantly, however, nowhere does Plaintiff specifically object to the Magistrate Judge's findings that: Plaintiff's case is not yet in proper form; that Plaintiff seeks mandamus relief the Court cannot grant; or that Plaintiff fails to satisfy the necessary requirements to obtain a temporary restraining order or preliminary injunction at this time.

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

After *de novo* review, the Court finds that the Magistrate Judge fairly and accurately summarized the issues and the applicable law, and the Court fully agrees with the Magistrate Judge's analysis and finds nothing in Plaintiff's objections to alter this analysis.

As the Magistrate Judge properly concluded, Plaintiff appears to request a temporary restraining order or preliminary injunction, but the case is not yet in proper form and Plaintiff cannot satisfy the requirements for the issuance of a temporary restraining order or preliminary injunction at this time.

**Accordingly, the Court adopts the Magistrate Judge's Report (ECF No. 14), and the Court denies Plaintiff's motion for order of protection (ECF No. 7). The Court directs Plaintiff's attention to the proper form order issued by the Magistrate Judge on June 20, 2025, and the Court instructs Plaintiff to bring his case into proper form by August 13, 2025. The Clerk shall mail to Plaintiff a copy of the proper form order along with a copy of this order.**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

July 22, 2025
Charleston, South Carolina