IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Shemuel Nahum Ben Yisrael,    )
    )
    Plaintiff,    )
    )    Civil Action No. 9:25-cv-1271-BHH
v.    )
    )    **ORDER**
Town of Yemassee,    )
    )
    Defendant.    )
_____ )

This matter is before the Court upon Plaintiff Shemuel Nahum Ben Yisrael's ("Plaintiff") *pro se* amended complaint against the Town of Yemassee ("Defendant"). (ECF No. 26.) In accordance with Local Civil Rule 73.02(B)(2), D.S.C., the matter was referred to a United States Magistrate Judge for preliminary review.

On February 19, 2026, Magistrate Judge Molly H. Cherry issued a report and recommendation ("Report"), outlining the issues and recommending that the Court dismiss this action without prejudice, without further leave to amend, and without issuance and service of process. (ECF No. 27.)

Attached to the Magistrate Judge's Report was a notice advising the parties of the right to file written objections to the Report within fourteen days of being served with a copy. On March 12, 2026, Plaintiff filed one page of objections, stating only: "The Honorable Judge Molly H Cherry, in her 13 page report, did not make any mention whatsoever of Plaintiffs' 137, exhibits. The exhibits clearly show the Defendant[']s criminal behavior directed against the Plaintiff[ ]." (ECF No. 29.)

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The

recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1). In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

## DISCUSSION

In her Report, the Magistrate Judge carefully outlined the allegations in Plaintiff's amended complaint and summarized the orders provided by Plaintiff, which were issued in prior state court actions filed by Plaintiff. (ECF No. 27 at 1-3.) The Magistrate Judge also summarized a prior federal action filed by Plaintiff. (*Id.* at 3-4.) Ultimately, the Magistrate Judge found that this action is subject to summary dismissal for multiple reasons: (1) because the Court lacks jurisdiction over Plaintiff's claims because Plaintiff fails to state any facts to support a federal claim against Defendant under 42 U.S.C. § 1983, and diversity jurisdiction does not exist; (2) because Plaintiff appears to be appealing the results of state court actions to this Court, which is prohibited under the *Rooker-Feldman* doctrine; (3) because the United States Supreme Court is the only federal court with general statutory jurisdiction to review state court judgments, to the extent that Plaintiff

2

is challenging state court actions he lost; (4) because *Younger* abstention is appropriate to the extent that Plaintiff's claims concern ongoing state court actions; (5) because Plaintiff fails to request cognizable relief; and (6) because Plaintiff fails to state cognizable claims against Defendant.  (ECF No. 27 at 2-11.)  Additionally, the Magistrate Judge explained that, to the extent Plaintiff seeks to assert a state law claim under Article 1, Section 13 of the South Carolina Constitution, the Court should decline to exercise supplemental jurisdiction because Plaintiff asserts no viable federal claim and diversity jurisdiction does not exist.  (*Id.* at 11.)

In his two sentences of objections to the Magistrate Judge's Report, as set forth above, Plaintiff merely asserts that the Magistrate Judge failed to mention his 137 exhibits. (ECF No. 29.)  As an initial matter, the Court notes that the Magistrate Judge did examine the state court orders that Plaintiff attached to his amended complaint.  Nevertheless, it appears that Plaintiff's objections actually relate to his alleged "lost exhibits."  Specifically, on July 14, 2025, Plaintiff filed a motion to suspend his case until his lost exhibits were found, wherein he claimed that over 120 exhibits, including copies of 106 warrants and copies of 26 judicial orders of dismissal, were "illegally held in a perpetual pending state for years."  (ECF No. 16.)  The Magistrate Judge considered and denied Plaintiff's motion on August 1, 2025, and the Court finds no basis to alter the Magistrate Judge's ruling.  (ECF No. 20.)

More importantly perhaps, the Court finds that Plaintiff's objections fail to point to any legal or factual error in the Magistrate Judge's analysis of Plaintiff's amended complaint against Defendant.  Even giving Plaintiff the benefit of the doubt and reviewing the matter *de novo*, the Court fully agrees with the Magistrate Judge that this Court lacks jurisdiction

over Plaintiff's claims against Defendant, as Plaintiff's amended complaint fails to state a § 1983 claim to support federal question jurisdiction, and diversity jurisdiction does not exist. Furthermore, to the extent Plaintiff attempts to appeal the results of prior state court actions to this Court, the Court agrees with the Magistrate Judge that Plaintiff may not do so under the *Rooker-Feldman* doctrine. Likewise, to the extent Plaintiff challenges *ongoing* state court proceedings, his claims are barred by the *Younger* abstention doctrine. In all, the Court agrees with the Magistrate Judge that Plaintiff's amended complaint fails to state a plausible federal claim against the Town of Yemassee, and because diversity jurisdiction also does not exist, the Court declines to exercise supplemental jurisdiction over any state law claims.

## **CONCLUSION**

For the foregoing reasons, the Court hereby adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 27); the Court overrules Plaintiff's objections (ECF No. 29); and the Court summarily dismisses this action without prejudice, without further leave to amend, and without issuance and service of process.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

June 2, 2026
Charleston, South Carolina